IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY BUSSIE, #64105-050, BARACK OBAMA, GEORGE BUSH, Jr. and BILL CLINTON,        Plaintiffs, vs. JOHN BOEHNER and TOM COBURN,        Defendants. | Case No. 14-cv-00077-MJR |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court on Plaintiff Anthony Bussie's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff, who is a pre-trial detainee at the Federal Detention Center in Philadelphia, seeks leave to proceed in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a).[1] For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* shall be **DENIED** and this case **DISMISSED**.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

1

for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form.

However, Plaintiff is nonetheless barred from proceeding IFP by 28 U.S.C. § 1915(g). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). On these grounds, Plaintiff's motion must be denied.

Court documents are public records, and the Court can take judicial notice of them. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff has already filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim. *See Bussie v. Attorney General*, Case No. 3:13-CV-476-WMC (W.D. Wis., dismissed July 30, 2013); *Bussie v. Federal Election Comm'n*, Case No. 3:13-CV-477-WMC (W.D. Wis., dismissed July 30, 2013); *Bussie v. Federal Deposit Ins. Corp.*, Case No. 1:13-CV-23000-UU (S.D. Fla., dismissed September 24, 2013); *Bussie v. United States*, Case No. 3:11-CV-1475-FLW (D. N.J., dismissed March 28, 2011); and *Bussie v. Brauman*, Case No. 3:13-CV-1055-AWT (D. Conn., dismissed July 31, 2013). Moreover, the Court notes that Plaintiff is being held in federal custody on allegations that he threatened to harm a member of the United States Congress. *See United States v. Bussie,* 12-cr-229 (D.N.J.).

Court records reflect that Plaintiff's trial has been continued indefinitely for reasons related to concerns over Plaintiff's psychiatric health.  A review of cases on PACER reveals that since being taken into custody in 2012, Plaintiff has filed a slew of cases in district courts across the country.  The cases contain a myriad of incoherent claims and allegations and have been dismissed as frivolous or for failure to state a claim.

Because Plaintiff has accumulated at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.  Plaintiff has failed to satisfy this requirement.  The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."  *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).  Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP."  *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff does not claim to be in imminent danger in his IFP motion (Doc. 2) or his complaint (Doc. 1).  The complaint sets forth several rambling and incoherent claims and demands $1.2 trillion in damages, but it makes no mention of imminent danger or of serious physical injury (Doc. 1).  Because Plaintiff has not shown that he is under imminent danger of

3

serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), he cannot proceed IFP in this case.

Furthermore, Plaintiff failed to fully disclose his litigation history in the present matter (Doc. 1, p.3). The Court-issued complaint form explicitly states, "If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper . . . . <u>Failure to comply with this provision may result in summary denial of your complaint</u>." (Doc. 1, p. 3) Nonetheless, Plaintiff lists only one other case he has filed. A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

In light of controlling authority on this issue and the purely frivolous nature of Plaintiff's claims, the Court hereby **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and summarily **DISMISSES** this action with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons stated above, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **DISMISSED** with prejudice as a sanction for Plaintiff's failure to disclose his litigation history and based on the

4

purely frivolous nature of his claim.  Further, this dismissal shall count as another "strike" within the meaning of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff is directed to remit the $400.00 district court filing fee from Plaintiff's prison trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 district court filing fee is paid.  Payments shall reference Case No. 14-v-00077-MJR and shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.   The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Philadelphia-Federal Detention Center.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 14, 2014**

**s/ MICHAEL J. REAGAN**
**United States District Judge**
